FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA G., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:20-cv-00323-SMJ <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are cross-motions for summary judgment. ECF Nos. 16, 17. Attorney Dana Madsen represents Lisa G. (Plaintiff); Special Assistant United States Attorney Lars Nelson represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants Plaintiff's Motion for Summary Judgment in part, denies Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on September 28, 2018, alleging disability since May 20, 2014,[2] due to degenerative disc disease, Hoffa fat pad, high blood pressure, PTSD, agoraphobia, major depressive disorder, anxiety, and panic disorder. AR 84–85.[3] The application was denied initially and upon reconsideration. AR 119–22, 129–35. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on December 11, 2019, AR 30–51, and issued an unfavorable decision on January 2, 2020. AR 13–24. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 22, 2020. AR 1–5. The ALJ's January 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 10, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1968 and was 50 years old when she filed her application. AR 21. She has a high school diploma and five years of college education. AR 363. Her has worked as a cashier, bookkeeper, telemarketer, and

---

[2] The ALJ noted a prior unfavorable decision was issued on July 3, 2017 and was not reopenable. AR 14.
[3] References to the administrative record (AR), ECF No. 13, are to the provided page numbers to avoid confusion.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 2

lube technician. AR 45, 363. She has claimed disability based on a combination of physical and mental limitations.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). Nevertheless, a decision

supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

//

//

//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 4

# ADMINISTRATIVE FINDINGS

On January 2, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. AR 13–24.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. AR 16.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with mild scoliosis; chronic obstructive pulmonary disease; headaches; a major depressive disorder with anxiety; and posttraumatic stress disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 16–17.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> She can never climb ladders, ropes, or scaffolds and can only occasionally stoop but otherwise can perform all other postural activities frequently. She would also need to avoid concentrated exposure to extreme cold temperatures and respiratory/ pulmonary irritants, and all hazards (such as unprotected heights and moving machinery/equipment). She is able to understand, remember, and carry out simple routine tasks and maintain concentration, persistence, and pace on simple routine tasks for two hour intervals between regularly scheduled breaks, and can have occasional superficial

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

   interaction (defined as no tandem tasks) with supervisors,
   coworkers, and the public.

AR 18.

  At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a cashier checker, bookkeeper, lube technician or telemarketer. AR 21.

  At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of mail clerk, office cleaner, and collator operator. AR 22.

  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. AR 23–24.

## ISSUES

  The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by: (1) improperly considering and weighing the medical opinion evidence, and (2) improperly rejecting Plaintiff's symptom testimony.

//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 6

# DISCUSSION

A. **Medical Opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence when she found the state agency doctors' opinions to be more persuasive than consultative examiner Dr. Genthe. ECF No. 16 at 16–20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 7

they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

//

//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 8

1.    Dr. Thomas Genthe

In June 2018, Plaintiff attended a consultative psychological exam with Dr. Genthe for the Department of Social and Health Services. AR 362–69. Dr. Genthe diagnosed Plaintiff with major depressive disorder, panic disorder, agoraphobia, PTSD, and other personality disorders with avoidant features. AR 364. He opined Plaintiff would have mild or moderate limitations in a number of work-related functional areas and that she would have marked impairment in her ability to ask simple questions or request assistance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal workday or work week without interruptions form psychologically based symptoms. AR 365. He opined Plaintiff's overall level of severity was marked. *Id.*

The ALJ found Dr. Genthe's opinion was not persuasive because it was inconsistent with the overall record, which documented reports of stability, improvement, and traveling. AR 21. The ALJ further found Plaintiff misrepresented her history of substance use with respect to her drinking, thus indicating Dr. Genthe's opinion was based on factually inaccurate information. *Id.*

Plaintiff argues the ALJ erred in finding Dr. Genthe's opinion to be based on inaccurate information because Plaintiff had stopped drinking months prior to the evaluation and thus, substance use would not have been a factor in the opinion. ECF No. 16 at 16–17. Defendant argues the ALJ reasonably considered the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 9

opinion's consistency with the rest of the record and reasonably found the opinion was not supported due to inaccurate information. ECF No. 17 at 13–15.

The Court finds the ALJ's analysis is insufficient. While the ALJ considered the consistency factor, the Court finds the ALJ's conclusion is not supported by substantial evidence. The record does not support the ALJ's general conclusion that Plaintiff's conditions were improving or stable enough to demonstrate a lack of support for Dr. Genthe's opinion. The ALJ's summary of the mental health records, AR 20, discusses various notes from the relevant period showing some of Plaintiff's symptoms being managed (such as her mood and PTSD symptoms) but omits any discussion of Plaintiff's ongoing struggles with severe anxiety and agoraphobia. AR 476, 481, 487, 491, 493, 580, 581, 585, 586, 589, 591, 826, 833. The fact that some symptoms were stable or improving does not render Dr. Genthe's opinion inconsistent with the record. The ALJ further cited to evidence of Plaintiff being able to travel, but omitted evidence of her high anxiety on those trips, the fact that she had a panic attack in an airport, and that she had to have her girlfriend go with her on one of the trips due to her anxiety. AR 823–24, 826–27, 834. Plaintiff's ability to travel on a few isolated occasions for family obligations does not conflict with Dr. Genthe's opinion. Therefore, the ALJ's discussion is not supported by substantial evidence.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 10

With respect to the supportability factor, the Court finds the ALJ's discussion is insufficient. Supportability focuses on the objective medical evidence and supporting explanations presented by a medical source. 20 C.F.R. § 416.920c(c). The ALJ did not discuss Dr. Genthe's objective findings on the mental status exam, which demonstrated some deficits, AR 366–67, or Dr. Genthe's summary and conclusions where he discussed the various diagnoses and the impact they had on Plaintiff's functional abilities, AR 365. AR 20–21. To the extent the ALJ's discussion of Plaintiff's alcohol use can be considered to be about the supportability factor, the Court finds the ALJ's conclusions are not supported by substantial evidence.

The ALJ misquoted Dr. Genthe's report: the report states Plaintiff "denied any history of alcohol, prescription medication or illicit substance *abuse*." AR 363. The ALJ quoted this passage as referring to alcohol *use* and not *abuse*. AR 21. The ALJ specifically stated that Plaintiff's alcohol consumption "has not been deemed to represent abuse or a dependency." *Id*. Therefore, there is no inaccuracy in Plaintiff's reports. Furthermore, even if Plaintiff had provided inaccurate information about her past substance use, the record indicates that substance use was not a factor in Plaintiff's disability, per the ALJ's findings. Thus, it is unclear how this information would have rendered Dr. Genthe's opinion unsupported.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 11

On remand the ALJ will reconsider the persuasiveness of Dr. Genthe's opinion, specifically addressing the factors of supportability and consistency.

### 2. State Agency Opinions

Plaintiff argues the ALJ erred in relying on the state agency opinions, as they were non-examining sources who should not be considered persuasive or consistent with the other evidence. ECF No. 16 at 17–20.

As this claim is being remanded for reconsideration of the other opinion evidence, the ALJ shall also reconsider the state agency opinions' persuasiveness. On remand, Plaintiff may raise before the ALJ any arguments regarding the persuasiveness of the evidence.

### B. Plaintiff's Subjective Statements

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 16 at 14–16.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 12

1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 18. The ALJ found Plaintiff's complaints were unsupported by the minimal objective findings, Plaintiff's activities, the lack of evidence supporting several of her alleged impairments, and evidence that her mental health improved with treatment and was largely stable. AR 18–20.

Plaintiff argues the ALJ's summary ignored evidence that was supportive of her allegations and took facts out of context. ECF No. 16 at 14–16. She further asserts that the ALJ's discussion of the physical medical records does not undermine her claim of disability because she is not claiming a complete inability to work based on her physical issues. *Id.* at 15; ECF No. 18 at 2. Defendant argues

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 13

the ALJ's discussion of the records was reasonable, and that Plaintiff's complaints were unsupported by the records. ECF No. 17 at 3–11.

Because this claim is being remanded for reconsideration of Dr. Genthe's opinion and the ALJ used much of the same insufficient rationale here as in her analysis of Dr. Genthe's opinion, the ALJ shall also reconsider Plaintiff's subjective complaints. On remand, Plaintiff may also clarify the precise basis for her claim of disability.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits under the credit-as-true rule. ECF No. 16 at 20–21. Under Ninth Circuit case law, the Court had the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The commentary accompanying the 2017 revisions to the rules for assessing medical opinions made clear that "it is never appropriate under our rules to 'credit-as-true' any medical opinion" and specifically mentioned that the Ninth Circuit rules were not being adopted in the new regulations. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, Fed Reg. Vol 82, No. 11 5858-60 (Jan 18, 2017). The Court therefore finds that remand for further proceedings is the appropriate remedy.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence of record and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 15

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. **JUDGMENT** shall be **ENTERED** for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of September 2022.

SALVADOR MENDOZA, JR.
United States District Judge